By the Court.
The action was begun in the common pleas court of Franklin county by a wife, under favor of Section 5967, General Code, to recover a sum of money expended by the husband on a scheme of gambling, which was alleged to have consisted of buying and selling wheat on margins.
*234 The issue was largely one of fact, and was disposed of by the jury.
Upon verdict in favor of the wife, judgment was rendered in her favor; and the court of appeals of Franklin county affirmed the same.
A pétition in error was filed in this court, as a matter of right, to reverse the judgment of the court of appeals, it being contended that a constitutional question was involved.
The error complained of in that regard is as follows:
“Said Court of Appeals erred in finding that Section 13080, General Code, defining the term ‘margins,’ upon which the action herein is based, and given by the Court of Common Pleas in its charge to the jury, is valid, whereas such section is null and void, the same being in violation of the provisions of the Fifth Amendment of the Constitution of the United States, and of Sections 16 and 19, of Article I, of the Constitution of the State of Ohio, in that said section of the General Code of Ohio, has the effect of taking private property without compensation and without due process of law.”
It is said in the brief of plaintiff in error that Section 13080 is no more than a mere definition. With this view we are in accord. It amounts to a legislative definition. The section does not define an offense, impose a penalty, or furnish a remedy, and, as counsel state, “it is a mere definition.”
The gist of the action is the recovery of money paid on a scheme of gambling, — an illegal contract, or a contract founded on an illegal consideration.
*235 The definition of the term “margin,” whether it be a legislative definition or a judicial definition, or a Webster or a Standard definition, or whether it is a correct definition or not, in itself can in no way affect the right of action, and the corresponding remedy, which is the basis of the action.
There can be no constitutional question raised under the issue here, and if there were one it could not be so associated to the subject-matter of the controversy as to in any way affect the determination of the rights of the parties.
No question of the taking of private property without compensation or without due process of law is involved. The property sought to be recovered by the wife was the property of the husband, and the issue determined by the court and jury in the .common pleas court was that the transaction was founded on a gambling contract, or a contract involving an illegal consideration. ,This being true, the wife simply recovered property of the husband, and nowhere in the case was any of the property of the plaintiff in error involved.
Other errors made by the record were before the court of appeals and passed upon by that court, and in the findings and judgment of the court of appeals we are unable to find any error prejudicial to the rights of the plaintiff in error.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.